# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | : 1:11-CR-0057 |
| | : |
| v. | : (Judge Rambo) |
| | : |
| **JOSE NIEVES-GALARZA** | : (Electronically Filed) |

## MOTION TO CORRECT SENTENCE
## UNDER 28 U.S.C. § 2255

Petitioner, Jose Nieves-Galarza, through undersigned counsel, Melinda C. Ghilardi, Esquire, First Assistant Federal Public Defender, respectfully files this motion to vacate and correct his sentence pursuant to 28 U.S.C. § 2255 in light of *Johnson v. United States*, 135 S. Ct. 2551 (June 26, 2015).[1]

## Procedural and Factual Background

On April 30, 2012, Mr. Nieves-Galarza pled guilty, pursuant to a plea agreement, to possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) and 924(e). Although the particular offenses which subjected Mr. Nieves-Galarza to an enhanced sentence under the Armed Career

---

[1] On November 6, 2015, Chief Judge Christopher C. Conner issued Standing Order 15-06 to appoint the Federal Public Defender's Office to represent all criminal defendants who were previously sentenced in the Middle District of Pennsylvania who may be eligible to seek a reduced sentence based upon the application of *Johnson* and to seek any sentencing relief for such persons by filing for federal habeas relief under 28 U.S.C. § 2255 or 28 U.S.C. § 2241 in light of *Johnson* and by presenting any petitions, motions or applications relating thereto to the Court for disposition.

Criminal Act (ACCA) were not identified in the record or in the Presentence Report, Mr. Nieves-Galarza had five prior convictions for robbery in New York (PSR ¶¶ 29-33), and one prior conviction for a serious drug offense in York, Pennsylvania. (PSR ¶ 35).[2] The Court's application of the ACCA to Mr. Nieves-Galarza resulted in a guideline range of 188 to 235 months based on an offense level of 31 and a criminal history category of VI. (PSR ¶ 57).

On February 12, 2013, this Court granted a downward departure and sentenced Mr. Nieves-Galarza to 109 months. (Doc. 46). Thereafter, on October 28, 2013, this Court filed an amended judgment in which Mr. Nieves-Galarza's sentence was reduced to 87 months. (Doc. 55). Mr. Nieves-Galarza is serving this sentence at the Federal Correctional Institution Butner (Medium II).

Without application of the ACCA, Mr. Nieves-Galarza would have been subject to a statutory maximum term of 10 years. 18 U.S.C. § 924(a)(2). In addition, his guideline range which was calculated under U.S.S.G. § 2D1.1 as a result of a cross-reference in U.S.S.G. § 2K2.1, (PSR ¶ 14), would be lower.[3]

---

[2] His prior conviction for a serious drug offense, (PSR ¶ 35), is not at issue here.

[3] Because of the ACCA amendment Mr. Nieves-Garlarza was denied relief based on Amendment 782 to the United States Sentencing Commission Guidelines Manual. (Doc. 65). However, if Mr. Nieves-Galarza is not subject to the ACCA, it is estimated that his guideline range following Amendment 782 would be

Mr. Nieves-Galarza argues that in light of *Johnson* his prior convictions for New York robbery do not qualify as violent felonies and his sentence violates due process of law. He respectfully requests that this Court grant this motion, vacate his sentence, and resentence him without the enhanced penalty of the ACCA.

**Basis for 28 U.S.C. § 2255 Relief**

**I.     Mr. Nieves-Galarza's Current Sentence Imposed Under the Armed Career Criminal Act Exceeds the Statutory Maximum and Violates Due Process of Law**.

On June 26, 2015, the Supreme Court declared that the residual clause of the ACCA, which defines "violent felony" as including an offense that "otherwise involves conduct that presents a serious potential risk of physical injury to another," is "unconstitutionally vague." *Johnson*, 135 S. Ct. at 2557. The Court reasoned that the "indeterminacy of the wide-ranging inquiry required by the residual clause both denies fair notice to defendants and invites arbitrary enforcement by judges." *Id.* Thus, "[i]ncreasing a defendant's sentence under the [residual] clause denies due process of law." *Id.* The Court held the residual clause "vague in all its applications" and overruled its contrary decisions in *James*

---

reduced to 84 to 105 months based on an offense level of 25 and a criminal history category of IV. A comparable downward departure would likely result in a lower sentence than the sentence he is currently serving.

*v. United States*, 550 U.S. 192 (2007) and *Sykes v. United States,* 131 S. Ct. 2267 (2011). 135 S. Ct. at 2561-63.

A defendant is entitled to a resentencing when his original sentence "was in excess of the maximum authorized by law" or "was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255(a). Mr. Nieves-Galarza was sentenced below the maximum authorized by law; however, because his prior convictions no longer qualify as "violent felonies" in light of *Johnson*, he is not an armed career criminal and his sentence violates due process.

II. **In Light of *Johnson*, Mr. Nieves-Galarza's Prior New York Convictions for Robbery Are No Longer Violent Felonies.**

A previous adult conviction qualifies as a "violent felony" under the ACCA if it is punishable by imprisonment for more than one year and (1) has as an element the use, attempted use, or threatened use of physical force against the person of another [force clause]; (2) is burglary, arson, or extortion or involves use of explosives [enumerated offenses clause]; or (3) otherwise involves conduct that presents a serious potential risk of physical injury to another [residual clause]. 18 U.S.C. § 924(e)(2)(B). *Johnson* invalidated the "residual clause." 135 S. Ct. at 2557. Thus, following *Johnson*, the residual clause may not serve as a legal basis for finding that Mr. Nieves-Galarza has been convicted of a violent felony. To

4

qualify as a violent felony, the crime must either have as an element the use, attempted use, or threatened use of physical force against the person of another or the elements of the crime must match the generic enumerated crimes of burglary, arson, extortion or crimes involving explosives. 18 U.S.C. § 924(e)(2)(B).

With regard to the force clause, the United States Supreme Court defined "physical force" to mean "*violent* force—that is, force capable of causing physical pain or injury to another person." *Johnson v. United States*, 559 U.S. 133, 140 (2010)(emphasis in original). The Court noted that the word "violent" connotes a substantial degree of force and using the adjective "violent" to modify the word "felony," clearly suggested "strong physical force." *Id.*

With regard to the enumerated offenses, courts are to "compare the elements of the statute forming the basis of the defendant's conviction with the elements of the 'generic' crime—*i.e.,* the offense as commonly understood." *Descamps v. United States*, 133 S. Ct. 2276, 2281 (2013). The conviction qualifies as a predicate "only if the statute's elements are the same as, or narrower than, those of the generic offense." *Id.* If the statute is overbroad but divisible into alternative elements, the modified categorical approach is applied to look beyond the elements of the crime to determine which set of elements formed the basis of the defendant's conviction. *United States v. Brown*, 765 F.3d 185, 190 (3d Cir. 2014)("It bears

repeating that the modified categorical approach is 'applicable only to divisible statutes.'")(citing *Descamps*, 133 S. Ct. at 2285). If the statute is indivisible, containing a single, indivisible list of elements or alternative means of committing the crime, the inquiry ends and the modified categorical approach does not apply. *Brown*, 765 F.3d at 191.

Mr. Nieves-Galarza had five prior convictions for robbery in New York. (PSR ¶¶ 29-33). The Presentence Report does not identify the particular grade of the offense. In New York, robbery is graded in the first, second and third degrees. N.Y. Penal Law §§ 160.15, 160.10, 160.05. Following *Johnson*, New York robbery in any degree does not qualify as a violent felony. New York robbery is not an enumerated offense within the ACCA and does not satisfy the force clause. Thus, Mr. Nieves-Galarza no longer qualifies as an armed career criminal.

Robbery in the first degree under New York law is defined in relevant part as follows:

> A person is guilty of robbery in the first degree when he forcibly steals property and when, in the course of the commission of the crime or of immediate flight therefrom, he or another participant in the crime:
> 1. Causes serious physical injury to any person who is not a participant in the crime; or
> 2. Is armed with a deadly weapon; or
> 3. Uses or threatens the immediate use of a dangerous instrument; or
> 4. Displays what appears to be a pistol, revolver, rifle, shotgun, machine gun or other firearm[.]

N.Y. Penal Law § 160.15. The statute for second degree robbery provides:

> A person is guilty of robbery in the second degree when he forcibly steals property and when:
> 1. He is aided by another person actually present; or
> 2. In the course of the commission of the crime or of immediate flight therefrom, he or another participant in the crime;
> (a) Causes physical injury to any person who is not a participant in the crime; or
> (b) Displays what appears to be a pistol, revolver, rifle, shotgun, machine gun or other firearm; or
> 3. The property consists of a motor vehicle[.]

N.Y. Penal Law § 160.10. The statute for third degree robbery provides that "[a] person is guilty of robbery in the third degree when he forcibly steals property. N.Y. Penal Law § 160.05.

When a statute is divisible a court may apply a "modified categorical approach" to determine which version resulted in the defendant's conviction. *Descamps*, 133 S. Ct. at 2285. However, the court first must be sure that at least one divisible set of elements is a violent felony in all instances. *Brown*, 765 F.3d at 190-91 (quoting *Descamps*, 133 S. Ct. at 2285). If no version of a divisible statute is a violent felony in all circumstances, the inquiry ends. *Brown*, 765 F.3d at 191.

None of the degrees of New York robbery or the divisible versions of New York robbery in the first degree or second degree has as an element the use,

attempted use, or threatened use of violent force. The element of "forcible stealing" in each version of the statute is not sufficient. Robbery in New York can be committed without "violent force." "Forcible" can include bumping someone and taking money while another blocks the victim's pursuit, (*People v. Lee*, 602 N.Y.S.2d 138, 139 (N.Y. App. Div. 1993)), forming a human wall to block the victim's path from pursuing a pick pocket, (*People v. Bennett*, 631 N.Y.S.2d 834 (N.Y. App. Div. 1995)), engaging in a tug-of-war, (*People v. Safon*, 560 N.Y.S.2d 552 (N.Y. App. Div. 1990)) and a push and subsequent struggle over the property, (*People v. Brown*, 663 N.Y.S.2d 539, 540 (N.Y. App. Div. 1997)). New York robbery can be committed using less than the "violent force" required by the force clause. *See United States v. Moncrieffe*, ___ F. Supp. 3d ___, 2016 WL 913391, *17 (E.D.N.Y. 2016)(finding that forcible stealing which is common to all New York robbery offenses included *de minimis* levels of force which do not fall within the federal definition of a "crime of violence" in 18 U.S.C. § 16(a)).

Moreover, causing serious injury does not equate with violent force. *See United States v. Otero*, 502 F.3d 331 (3d Cir. 2007)(analyzing Pennsylvania simple assault and confirming that an element of causation of injury cannot be equated with an element of use of force). Bodily injury may be caused by a range of means that do not involve the use, attempted use or threatened use of physical force. *See,*

*e.g., United States v. Torres-Miguel*, 701 F.3d 165, 168 (4th Cir. 2012)(explaining serious bodily injury can be caused by poisoning, which does not require the use or threatened use of force); *United States v. Perez-Vargas*, 414 F.3d 1282, 1286 (10th Cir. 2005)(bodily injury can be caused without the use of force by, for example, recklessly shooting a gun in the air to celebrate, intentionally placing a barrier in front of a car causing an accident, or intentionally exposing someone to hazardous chemicals).

Further, none of the subsections involving a weapon have as an element the use, attempted use, or threatened use of physical force. For example, committing robbery while merely carrying a deadly weapon upon his person, does not require violent physical force. N.Y. Penal Law § 160.15(2). *See People v. Pena*, 50 N.Y.2d 400, 407 n.2 (N.Y. 1980)(a showing of mere possession of a deadly weapon is all that is required for conviction of robbery by forcibly stealing property while armed with a deadly weapon). The victim need not be threatened with or even know of the deadly weapon. *Id.* at 408. Because none of the robbery statutes in New York qualify as a predicate offense under the force clause, New York robbery cannot be used as a predicate offense for purposes of the ACCA after the elimination of the residual clause.

### III. Mr. Nieves-Galarza Is Entitled to Resentencing Pursuant to 28 U.S.C. § 2255.

#### A. *Johnson* Announced a Substantive Rule that Applies Retroactively on Collateral Review.

On June 26, 2015, the United States Supreme Court issued its decision in *Johnson v. United States*, 135 S. Ct. 2251 (2015), holding that the residual clause in the Armed Career Criminal Act (ACCA) is unconstitutionally vague and increasing a defendant's sentence under the residual clause violates due process of law. *Id.* at 2557. On April 18, 2016, the United States Supreme Court held in an ACCA case that *Johnson* is a new substantive rule that is retroactive to cases on collateral review. *Welch v. United States*, 136 S. Ct. 1257 (2016). This Court must give retroactive effect to new substantive rules of constitutional law. *Teague v. Lane*, 489 U.S. 288 (1989); *Montgomery v. Louisiana*, 136 S. Ct. 718, 729-30 (2016).

#### B. Mr. Nieves-Galarza's Claim is Timely.

A motion to vacate, set aside or correct a sentence is subject to a one-year limitations period. 28 U.S.C. § 2255(f)(1). A federal prisoner must file his motion within one year from the date on which (1) the judgment became final; (2) the government created impediment to filing the motion was removed; (3) the United States Supreme Court initially recognized the right asserted and made it

retroactively applicable to cases on collateral review; or (4) the petitioner could have discovered, through due diligence the factual predicate for the motion. The United States Supreme Court decided *Johnson* on June 26, 2015, recognizing a new rule that is substantive and that is retroactive to cases on collateral review. Mr. Nieves-Galarza is filing his motion within one year of that date.

## **Conclusion**

Mr. Nieves-Galarza is entitled to relief under Section 2255 because, in light of *Johnson*, his sentence violates due process of law. He does not have three prior offenses for serious drug offenses or violent felonies. This Court should grant his Section 2255 motion and resentence him without the enhanced penalty.

Respectfully submitted,

Date: May 25, 2016     *s/Melinda C. Ghilardi*
**Melinda C. Ghilardi, Esquire**
**First Assistant Federal Public Defender**
**Attorney I.D. # PA40396**

201 Lackawanna Avenue, Suite 317
Scranton, PA 18503-1953
(570) 343-6285
FAX (570) 343-6225
melinda_ghilardi@fd.org
Attorney for Jose Nieves-Galarza

# CERTIFICATE OF SERVICE

I, Melinda C. Ghilardi, First Assistant Federal Public Defender, do hereby certify that the **Motion to Correct Sentence Under 28 U.S.C. § 2255**, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing:

William A. Behe, Esquire
Assistant United States Attorney

and by placing the same in the United States Mail, first class in Scranton, Pennsylvania, addressed to the following:

Mr. Jose Nieves-Galarza


Date: May 25, 2016         *s/Melinda C. Ghilardi*
                           **Melinda C. Ghilardi, Esquire**
                           **First Assistant Federal Public Defender**