IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | : | CRIM NO. 1:11-CR-057 |
| --- | --- | --- |
|  | : |  |
| v. | : | (Judge Rambo) |
|  | : |  |
| JOSE NIEVES-GALARZA | : | (Electronically Filed) |

## RESPONSE OF THE UNITED STATES IN OPPOSITION TO DEFENDANT'S MOTION FOR RELIEF PURSUANT TO 28 U.S.C. § 2255

The defendant has filed a motion pursuant to 28 U.S.C. § 2255 to have his sentence corrected in light of *Johnson v. United States*, __ US __, 135 S.Ct. 2551 (June 26, 2015) (*Johnson II*) . The defendant was determined to be an armed career criminal based on several New York state robbery convictions. The defendant takes the position that, in light of *Johnson II*, no New York robbery conviction could ever qualify as a "violent felony" under subsection (1) of 18 U.S.C. 924 (e) (2) (B). Subsection (1), the "force clause", provides that a crime is a "violent felony" if it has as an element the use, or threatened use of physical force against the person of another. The defendant claims that all of the New York robbery statutes are indivisible thus precluding the modified categorical approach to determine if the underlying conviction is a

1

violent felony. *United States v. Brown*, 765 F.3d 185 (3d Cir. 2014). Therefore, the defendant believes his sentence should be vacated and the court should resentence him under the guidelines that do not apply under the ACCA. The United States disagrees.

First, it should be noted that the defendant's current motion assumes that the defendant's robbery convictions are not predicate offenses under the force clause of the ACCA and that because the residual clause of the ACCA has been found to be unconstitutional there are no qualifying New York robbery convictions. However, there are two Johnson decisions in play and both deal with different parts of the ACCA. *Johnson v. United States,* 559 US 133 (2010) (*Johnson I*) was decided in 2010 and addressed the force clause of the ACCA. Any claim that the underlying robbery convictions do not qualify as violent felonies under this holding have been waived, however, since it was not raised within the 1 year of the Johnson I decision – the applicable statute of limitations for 2255 motions. The defendant's motion is only timely with regard to *Johnson II,* which invalidated convictions that fell under the residual clause and did not speak at all to the force clause. The defendant deftly tries to blur the distinction between *Johnson I* and

2

*Johnson II* and mistakenly assumes that the defendant's convictions do not qualify under the force clause as per *Johnson I,* no doubt recognizing that he would be time-barred if the court were to consider the convictions under the force clause of the ACCA. As stated, if the defendant is relying at all on the holding in *Johnson I*, and the United States certainly believes that he is, then he is out of time.

Even assuming the court considers the defendant's motion as not time barred, the United States maintains that the defendant, who carries the burden of proof in these collateral proceedings, has failed to offer any evidence that, under the modified categorical approach, none of the defendant's robbery convictions would qualify as violent felonies.

In *United State v. Corey Jones*, No. 15-1518-cr (2d Cir.) (July 21, 2016) (attached), the United States Court of Appeals for the Second Circuit held that New York's first degree robbery statute *is* divisible and thus the modified categorical approach should be applied when analyzing it. This approach permits the court to look to a limited class of documents (for example, the indictment, jury instructions, or plea agreement and colloquy) to determine what crime, with what elements, a defendant was convicted of. *See United States v. Mathis*, 136 S.Ct.

2243 (2016). The *Jones* court remanded the matter to the district court, not on the basis that a conviction for robbery in New York can **never** qualify as crime of violence under the career offender section of the sentencing guidelines. Rather, on remand, the district court was instructed to employ the modified categorical approach to determine if the underlying conviction could qualify as a crime of violence.

The *Jones* court determined that the interpretation of what qualifies as a "violent felony" under the ACCA or a "crime of violence" under the career offender guidelines after *Johnson* are one in the same. *Jones*, *supra* at p. 10. Therefore, since the Second Circuit, in interpreting the New York robbery statutes, has concluded that robbery is divisible and therefore subject to the modified categorical approach, it is respectfully requested that the court direct the United States Probation Office to gather those limited class of documents the court can look to in order to determine if the defendant's underlying robbery convictions could qualify as violent felonies. It should be noted that description of several of the defendant's robbery convictions describe the conduct as pointing a handgun at his robbery victim while taking money. This is less than the passive possession of a weapon that is

never displayed but would nonetheless support a robbery conviction but not qualify as a violent felony under the ACCA.

The defendant wrongly assumes that the modified categorical approach is not available, has not offered any evidence regarding his prior NY robbery convictions, and rests exclusively on a legal interpretation that is flawed.

**WHEREFORE**, it is respectfully requested the court deny the defendant's motion as time barred. Alternatively, should the court consider the motion timely, it is respectfully requested that it be denied for failure to offer proof for the court to review using the modified categorical approach to establish that none of the prior robberies would qualify as a violent felony. Finally, the court may wish to defer ruling on the motion until such proof can be presented by the defendant or until the appropriate documents can be gathered and presented to the

court and the parties by the United States Probation Office to allow the court to apply the modified categorical approach.

        Respectfully submitted,

        PETER J. SMITH
        United States Attorney

        <u>s/William A. Behe</u>
        WILLIAM A. BEHE
        Assistant U.S. Attorney
        Bar No. PA-32284
        William.Behe@usdoj.gov
        228 Walnut Street, Suite 220
        P.O. Box 11754
        Harrisburg, PA 17108
        Phone: (717) 221-4482
        Fax: (717) 221-4493

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIM NO. 1:11-CR-057 |
| | : | |
| v. | : | (Judge Rambo) |
| | : | |
| JOSE NIEVES-GALARZA | : | (Electronically Filed) |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that she is an employee in the Office of the United States Attorney for the Middle District of Pennsylvania and is a person of such age and discretion to be competent to serve papers.

That this 26th day of August, 2016, she served a copy of the attached

## RESPONSE OF THE UNITED STATES IN OPPOSITION TO DEFENDANT'S MOTION FOR RELIEF PURSUANT TO 28 U.S.C. § 2255

via electronic service to:

**Melinda C. Ghilardi, Esquire**
Melinda_ghilardi@fd.org

          s/Christina Garber
          CHRISTINA GARBER
          Legal Assistant