# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | : 1:11-CR-0057 |
| | : |
| v. | : (Judge Rambo) |
| | : |
| **JOSE NIEVES-GALARZA** | : (Electronically Filed) |

### RESPONSE TO GOVERNMENT'S
### SUBMISSION OF RECORDS FROM PRIOR CONVICTIONS

### Procedural History

On May 25, 2016, Petitioner, Jose Nieves-Galarza, filed a Motion to Correct Sentence under 28 U.S.C. § 2255 based on *Johnson v. United States*, 135 S. Ct. 2551 (2015). (Doc. 68). After briefing, by Order of September 20, 2016, this Honorable Court provided the government with an opportunity to submit *Shepard*[1] documents to support the ACCA classification. (Doc. 78 at 4). The government recently submitted documents from Mr. Nieves-Galarza's prior New York convictions. Mr. Nieves-Galarza files this response.

### Argument

**A.   The Documents**

The Court in *Shepard* recognized that only certain documents can be consulted in connection with a modified categorical approach. When a defendant

---

[1] *Shepard v. United States*, 544 U.S. 13 (2005).

is convicted following a jury trial, the relevant documents are the charging document and the jury instructions. 544 U.S. at 20. When a defendant enters a guilty plea, the relevant documents are "the terms of a charging document, the terms of a plea agreement or transcript of colloquy between judge and defendant in which a factual basis for the plea was confirmed by the defendant, or some comparable judicial record of this information." 544 U.S. at 26.

The Presentence Report indicates that Mr. Nieves-Galarza pled guilty to each prior robbery charge in New York. (PSR ¶¶ 29-33). The government has not produced any charging documents or judicial records which confirm the subsections of the statutes which formed the basis of Mr. Nieves-Galarza's pleas. The government has produced single page documents for each conviction, each entitled "Certificate of Disposition Indictment." Mr. Nieves-Galarza takes the position that these documents are not approved *Shepard* documents. The Second Circuit, however, has accepted such documents for use in the modified categorical approach. *See, e.g., United States v. Bennett*, 604 F. App'x 11, 15 (2d Cir. 2015); *United States v. Bogle*, 522 F. App'x 15, 19-20 (2d Cir. 2013). Absent the necessary *Shepard* documents for application of the modified categorical approach, Mr. Nieves-Galarza's prior New York robbery convictions should not be used as predicate offenses.

However, even if this Honorable Court chooses to accept these certificates as approved *Shepard* documents, Mr. Nieves-Galarza does not have the requisite number of predicate offenses to qualify as an armed career criminal. Looking only to the elements of these offenses as this Honorable Court must do, *Mathis v. United States*, 136 S. Ct. 2243, 2253 (2016), the robbery convictions under New York law do not qualify as violent felonies under the force clause.

**B.     New York Robbery in the First Degree**

In his Motion to Correct Sentence pursuant to Section 2255, Mr. Nieves-Galarza reviewed the applicable New York robbery statutes, including the elements of robbery in the first degree in violation of N.Y. Penal Law § 160.15. (Doc. 68 at 6). New York robbery in the first degree has 4 subsections.

The Certificate of Disposition provided by the government for docket number 04670-86 which corresponds to paragraph 29 of the Presentence Report, appears to show a conviction for subsection 1 of the first degree robbery statute. A person is guilty of robbery under this subsection when he forcibly steals property and when, in the course of the commission of the crime or of immediate flight therefrom, he or another participant in the crime, causes serious physical injury to any person who is not a participant in the crime. N.Y. Penal Law § 160.15(1). Mr. Nieves-Galarza maintains that this particular offense is not a violent felony under

3

the force clause because causing serious physical injury does not necessarily equate with the use of violent force. (Doc. 68 at 8-9). *See also United States v. Bell*, ___ F.3d ___, 2016 WL 6311084 (8th Cir. 2016)(considering robbery under Missouri law which is similar to New York robbery and finding that the amount of physical force required for a person to be convicted of second-degree robbery in Missouri does not necessarily rise to the level of physical force required to qualify as a crime of violence).

The next Certificate of Disposition provided by the government for docket number 04758-86 which corresponds to paragraph 30 of the Presentence Report, appears to show a conviction for subsection 4 of the first degree robbery statute. A person is guilty of robbery under this subsection when he forcibly steals property and when, in the course of the commission of the crime or of immediate flight therefrom, he or another participant in the crime, displays what appears to be a pistol, revolver, rifle, shotgun, machine gun or other firearm. N.Y. Penal Law § 160.15(4). The Second Circuit has considered subsection 2 of New York's first degree robbery statute which is similar to subsection 4; however, under subsection 2 the offender must only be armed with a deadly weapon. *United States v. Jones*, 830 F.3d 142 (2d Cir. July 21, 2016), *vacated*, 2016 WL 5791619 (2d Cir. Oct. 3,

2016).[2]  The Second Circuit found that a defendant can be convicted of first degree robbery in New York without necessarily using violent force and a first degree robbery conviction under the subsection involving forcible stealing and being armed with a deadly weapon cannot serve as a predicate conviction for a career offender enhancement.  Mr. Nieves-Galarza submits that even though this opinion has been vacated pending a ruling in *Beckles*, the Second Circuit's reasoning in *Jones* regarding whether a New York conviction for robbery remains valid and applicable to Mr. Nieves-Galarza's case.  Simply displaying a weapon during a forcible theft is not the violent physical force necessary for an offense to qualify as a violent felony.  (Doc. 68 at 9).

C.  **New York Robbery in the Second Degree**

In his Motion to Correct Sentence pursuant to Section 2255, Mr. Nieves-Galarza also reviewed the elements of New York robbery in the second degree in

---

[2] The Second Circuit vacated this decision pending the Supreme Court's disposition of *Beckles v. United States*, No. 15-8544 (argued Nov. 28, 2016).  One of the issues before the Supreme Court in *Beckles* is whether the "residual clause" in the Career Offender provision of the Sentencing Guidelines Manual, Section 4B1.2(a)(2), should be found to be unconstitutionally vague for the same reasons that the Court concluded that the identically worded provision in the Armed Career Criminal Act, 18 U.S.C. §924(e)(2)(B)(ii), was unconstitutionally vague in *Johnson v. United States*, 132 S. Ct. 2551 (2015).  In addition, the government filed a petition for panel rehearing which has been held in abeyance pending the decision in *Beckles*.

violation of N.Y. Penal Law § 160.10.  (Doc. 68 at 7).  New York robbery in the second degree has 3 subsections.

The government has produced Certificates of Disposition for docket number 06017-86 which corresponds to paragraph 31 of the Presentence Report, for docket number 6018-86 which corresponds to paragraph 32 of the Presentence Report, and for docket number 7278-86 which corresponds to paragraph 33 of the Presentence Report.  The three Certificates of Disposition appear to show that each conviction was for subsection 2 of the second degree robbery statute.  A person is guilty of robbery under this subsection when he forcibly steals property and when, in the course of the commission of the crime or of immediate flight therefrom, he or another participant in the crime, (a) causes physical injury to any person who is not a participant in the crime, or (b) displays what appears to be a pistol, revolver, rifle, shotgun, machine gun or other firearm.  N.Y. Penal Law § 160.10(2).  The Certificates do not indicate whether Mr. Nieves-Galarza's convictions involved subsection (a) or (b) of subsection 2.  Based on the reasoning in *Jones* and the arguments set forth in Mr. Nieves-Galarza's motion, (Doc. 68 at 7-9), a violation of subsection 2 of the second degree robbery statute does not qualify as a violent felony.

## Conclusion

Mr. Nieves-Galarza submits that a review of documents provided by the government do not support a finding that he was convicted of violent felonies. This Honorable Court should vacate Mr. Nieves-Galarza's sentence and resentence him forthwith without the enhanced penalty under the ACCA.[3]

Respectfully submitted,

Date:  December 2, 2016         *s/Melinda C. Ghilardi*
**Melinda C. Ghilardi, Esquire**
**First Assistant Federal Public Defender**
**Attorney I.D. # PA40396**

201 Lackawanna Avenue, Suite 317
Scranton, PA 18503-1953
(570) 343-6285
FAX (570) 343-6225
melinda_ghilardi@fd.org
Attorney for Jose Nieves-Galarza

---

[3] Mr. Nieves-Galarza would object to a sentence of time served as he has already served more than the statutory maximum term of 120 months.

# **CERTIFICATE OF SERVICE**

I, Melinda C. Ghilardi, First Assistant Federal Public Defender, do hereby certify that the **Response to Government's Submission of Records from Prior Convictions**, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing:

> William A. Behe, Esquire
> Assistant United States Attorney

and by placing the same in the United States Mail, first class in Scranton, Pennsylvania, addressed to the following:

> Mr. Jose Nieves-Galarza

Date:  December 2, 2016        *s/Melinda C. Ghilardi*
                                **Melinda C. Ghilardi, Esquire**
                                **First Assistant Federal Public Defender**