IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | **:** | **Crim. No. 1:11-CR-057** |
| | **:** | |
| | **:** | |
| **v.** | **:** | |
| | **:** | |
| | **:** | |
| **JOSE NIEVES-GALARZA** | **:** | **Judge Sylvia H. Rambo** |

# M E M O R A N D U M

Before the court is Jose Nieves-Galarza's motion to correct sentence pursuant to 28 U.S.C. § 2255. (Doc. 68.) Galarza was sentenced under the Armed Career Criminal Act ("ACCA") resulting in a guideline range of 188 to 235 months based on an offense level of 51 and a criminal history category of VI. (Presentence Report "PSR", ¶ 57.) On February 12, 2013, a downward departure was granted reducing his sentence to 109 months. (Doc. 46.) On October 29, 2013, a further amended judgment was entered reducing his sentence to 87 months. (Doc. 55.)

## I.   Argument

Galarza argues that without the ACCA designation he would have been subject to a statutory maximum of 10 years and subject to a further reduction under Amendment 782 of the United States Sentencing Guidelines ("USSG"), as well as the reductions already received. (Doc. 68, pp. 2-3.)

Galarza asserts that pursuant to *Johnson v. United States*, he does not qualify for the ACCA designation. 135 S.Ct. 2251. In *Johnson*, the court held that the residual clause of the ACCA which defines "violent felony" as including an offense that "otherwise involves conduct that presents a serious potential risk of physical injury to another" is "unconstitutionally vague." *Id.* at 2557. He argues that the New York robberies set forth in paragraphs 29 through 33 of the PSR do not qualify as violent felonies.

The Government raises two arguments: (1) that the New York robberies would qualify under the "force clause" of the ACCA; and (2) that Galarza, in his plea agreement at paragraph 25 (Doc. 27), waived his right to appeal, which is sweeping and all-encompassing language.

## II.   Discussion

### A.   Waiver in Plea Agreement

A review of the guilty plea proceeding supports that Galarza knowingly and voluntarily waived his right to appeal under § 2255. However, *United States v. Mabry* held that this court has an affirmative duty to evaluate whether the enforcement of the waiver works any miscarriage of justice. 536 F.3d 231, 237-38 (3d Cir. 2008). In *United States v. Swerdon*, a court in this District held that failure to grant relief in the form of a lower sentence resulting from a retroactive change in

the law, to which a defendant would otherwise be eligible, would be a miscarriage of justice. No. 12-cr-87, 2016 WL 4988065, *5 (M.D. Pa. Sept. 19, 2016).

Because this court believes that Galarza's prior crimes fit under the "force clause" of the ACCA, this court will not address the effect of the waiver in Galarza's plea agreement.

**B.   <u>Prior Offenses</u>**[1]

The PSR sets forth five convictions for robbery in the state of New York to which Galarza pled guilty. (PSR, ¶¶ 29-33.) Galarza argues that none of his robbery convictions qualify as predicate offenses. (Doc. 68, pp. 6-9.) The Government cites New York case law which held that New York's robbery statute "has as an element the use, attempted use or threatened use of physical force against the person of another," which qualifies for an ACCA designation. (*See* Exhibit A attached hereto.)

In *United States v. Kornegay*, the court held that a conviction under the New York second degree robbery statute qualifies as a violent felony under the force clause of USSG § 4B1.2(a)(1). 641 F. App'x 79, 85 (2d Cir. 2016). Furthermore, the court in *United States v. Bennett* held that attempted robbery in the first degree

---

[1] Paragraph 35 of the PSR details a conviction for a narcotic offense, which qualifies as a predicate offense, and is not in dispute.

qualifies as a violent felony under the force clause.[2] 604 F. App'x 11, 15-16 (2d Cir. 2015).

Galarza replies by arguing that the New York courts did not thoroughly perform an in depth analysis in reaching their conclusion and should not be followed. (*See* Exhibit B attached hereto.) In *Pinho v. Gonzales*, the court stated: "The Supreme Court has repeatedly emphasized that state courts are the ultimate authorities on the meaning of state law." 432 F.3d 193, 212 (3d Cir. 2005). The Supreme Court in *Bush v. Gore* held that "comity and respect for federalism compels us to defer to the decisions of state courts on issues of state law. That practice reflects our understanding that the decisions of state courts are definitive pronouncements of the will of the States as sovereigns." 531 U.S. 98, 112 (concurring opinion, Rehnquist, J.).

Based on the foregoing, this court relies upon *Kornegay* and *Bennett* in finding that convictions for robbery in the first and second degree under New York law qualify under the force clause as predicate offenses under the ACCA.

---

[2] Galarza's convictions were classified as first and second degree robberies.

III.    <u>**Conclusion**</u>

The motion for relief pursuant to 28 U.S.C. § 2255 (Doc. 68) will be denied.

An appropriate order will be entered.


s/Sylvia Rambo
SYLVIA H. RAMBO
United States District Judge

Dated: January 10, 2017

# Exhibit A


Nieves-Galarza telephone conference
Behe, William A. (USAPAM)
to:
Katherine_Riggleman-Thomas@pamd.uscourts.gov
12/16/2016 11:30 AM
Cc:
Melinda Ghilardi
Hide Details
From: "Behe, William A. (USAPAM)" <William.Behe@usdoj.gov>
To: "Katherine_Riggleman-Thomas@pamd.uscourts.gov" <Katherine_Riggleman-Thomas@pamd.uscourts.gov>
Cc: Melinda Ghilardi <Melinda_Ghilardi@fd.org>
History: This message has been replied to.

Katie:

   In advance of our telephone conference call I am providing Judge Rambo and Melinda with a summary of the government's position on Section 160.00 and the New York robbery statute. This was provided to me courtesy of my colleagues in the SDNY who have to deal with NY state criminal laws and the Second Circuit's interpretation of those laws. I wanted to give Judge Rambo and Melinda a heads up rather than waiting until the conference call to offer my position.

   Have a great weekend.

   Bill


        The PSR correctly found that the defendant's various Robbery in the First and Second Degree, in violation of New York Penal Law § 160.10(1) are felony convictions for a crime of violence.  In arguing otherwise, the defendant primarily relies on the Supreme Court's decisions in (1) *Johnson v. United States*, 135 S. Ct. 2551 (2015) ("2015 *Johnson*"), which held that the so-called "residual clause" within the definition of "violent felony" in the Armed Career Criminal Act ("ACCA"), Title 18, United States Code, Section 924(e)(2)(B), violates due process; and (2) *Johnson v. United States*, 559 U.S. 133 (2010) ("2010 *Johnson*"), which held that a Florida battery conviction was not a "violent felony" under the "force clause" of the ACCA because it only required proof of the "slightest unwanted physical touch." But neither of these decisions has any bearing on the clear law of the Second Circuit that New York's robbery statute "has as an element the use, attempted use, or threatened use of physical force against the person of another."  U.S.S.G. § 4B1.2(a)(1); *See Carvajal* v. *United States*, No. 16-347 (2d Cir. Mar. 14, 2016) (after *Johnson*, "Petitioner's attempted robbery convictions still qualify as 'crimes of violence' because they had 'as an element the use, attempted use, or threatened use of physical force against the person of another.'"); *see also United States* v. *Kornegay*, 641 F. App'x 79, 85 (2d Cir. Mar. 8, 2016) (unpublished) (second degree robbery in New York is a violent felony under the force clause of U.S.S.G. § 4B1.2(a)(1)); *United States v. Bennett*, 604 F. App'x 11, 15-16 (2d Cir. Mar. 4, 2015) (finding that attempted robbery in the first degree qualified as a violent felony under the force clause);  *United States* v. *Spencer*, 955 F.2d 814, 820 (2d Cir. 1992) (third degree robbery is defined as "forcibly steal[ing] property" and therefore "fits comfortably within" U.S.S.G. § 4B1.2's requirement that it have "as an element the use, attempted use, or threatened use of physical force against the person of another.").

        The Government recognizes that the Second Circuit previously issued an opinion in *United States v. Jones*, No. 15-1518, 2016 WL 3923838 (2d Cir. July 21, 2016), holding that Robbery in the Third Degree, in violation of New York Penal Law § 160.05, was not a "crime of violence."  But on October 3, 2016, the Second Circuit vacated its opinion and held in abeyance the Government's petition for rehearing and rehearing en banc pending the Supreme Court's disposition in *Beckles v. United States*, 15-8544.  Because *Jones* is no longer controlling law in the Second Circuit, the Probation Department's Guidelines Calculations in the PSR are correct and the defendant's 2255 motion should be denied because his NY robbery convictions are crimes of violence.

# Exhibit B



**Re: Nieves-Galarza telephone conference** 📄

Melinda Ghilardi    to: Katherine L Riggleman-Thomas          12/16/2016 02:54 PM
Cc: "Behe, William A. (USAPAM)", Tammy Taylor

From:      Melinda Ghilardi/PAMF/03/FDO@FDO

To:        Katherine L Riggleman-Thomas/PAMD/03/USCOURTS@USCOURTS@USCEXT

Cc:        "Behe, William A. (USAPAM)" <William.Behe@usdoj.gov>, Tammy
           Taylor/PAMF/03/FDO@FDO

Katie,

Mr. Nieves-Galarza's response to the government argument regarding New York
robbery is as follows:

All New York robbery statutes share the same element of "forcibly steals" which is
defined in § 160.00. It is not enough that the statute defines forcibly stealing as
threatening or using physical force upon the person of another.  The physical force must
be violent physical force as described by the Supreme Court in *Johnson* 2010.  In New
York the force sufficient for a robbery conviction is a *de minimis* amount of force. (*See*
cases set forth at page 8 of the 2255 motion, Doc. 68).

Mr. Nieves-Galarza previously identified the Second Circuit opinion in *United States v.
Jones*, 830 F.3d 142 (2d Cir. July 21, 2016) which was vacated, 2016 WL 5791619 (2d
Cir. Oct. 3, 2016).  (Doc. 81 at 4-5, n.2)(noting that the opinion was vacated pending
*Beckles* but the reasoning of the Second Circuit with respect to "forcibly stealing" is still
enlightening).   Other district courts have followed the same reasoning to conclude that
forcibly stealing is not violent physical force.  One district court case which was decided
before *Jones* and cited in Mr. Nieves-Galarza's Section 2255 motion came to the same
conclusion.  *United States v. Moncrieffe*, 167 F. Supp. 3d 383 (E.D.N.Y. 2016).  Another
district court case which was decided before *Jones* was vacated is *United States v.
Pascual*, ___ F. Supp. 3d ___, 2016 WL 4211784 (N.D.N.Y. Aug. 10, 2016)(finding that
physical force threatened or employed in the robbery statute can be minimal and does
not meet the federal definition of a crime of violence in 18 U.S.C. § 16).

One district court case decided after *Jones* was vacated is *Stuckey v. United States*,
2016 WL 7017419 (S.D.N.Y. Dec. 1, 2016).  In that case the parties agreed that second
degree robbery in violation of 160.10(1) is not a violent felony and the Court found that
robbery in the first degree in violation of 160.15(3) and 160.15(4) are violent felonies
based on the aggravating elements in those statutes and noting that the defendant did
not dispute that the aggravators satisfy *Johnson* 2010's requirement of violent force.  In
this case, Mr. Nieves-Galarza challenges the aggravators with respect to his prior
conviction which may have been under subsections (1) and (4) of the first degree
robbery statute and argues that those aggravators do not meet the definition of violent
physical force in *Johnson* 2010 because one can cause injury without the use of violent
force and a weapon can be displayed in such a way as to not necessarily threaten
violent force.

In the cases cited by the government, the courts have not done any analysis with respect to New York robbery and *Johnson* 2010.  In *Carvajal*, the Second Circuit issued an order denying a motion to file a successive motion under 28 U.S.C. § 2255 with a cursory conclusion that attempted robbery in New York still qualifies as a crime of violence because it satisfies the force clause.  Likewise in *Kornegay*, the Court concluded without any analysis that New York robbery in the second degree qualifies as a crime of violence under the force clause.  The court also noted that robbery is specifically listed in the commentary of the sentencing guidelines; however robbery is not an enumerated offense in the Armed Career Criminal Act.  In *Bennett*, the focus of the Second Circuit was whether the District Court could rely on Certificates of Disposition for the application of the categorical approach.  The Court also noted that attempted robbery in the first degree satisfied the force clause without any analysis under *Johnson* 2010.  The final case cited by the government, *Spencer*, was decided before *Johnson* 2010, and was specifically overruled by the Second Circuit in the *Jones* opinion which has been vacated pending *Beckles*.  The *Jones* Court recognized that *Spencer* cannot survive the Supreme Court's analysis in *Johnson* 2010.  Even though *Jones* has been vacated, Mr. Nieves-Galarza submits that *Spencer* is no longer good law following *Johnson* 2010.

In the event the Court disagrees with Mr. Nieves-Galarza's position, we would urge the Court to grant a certificate of appealability so that the Third Circuit can review the matter.

I will talk to you on Tuesday.

Melinda


**Melinda C. Ghilardi**
First Assistant Federal Public Defender
201 Lackawanna Avenue, Suite 317
Scranton, PA  18503-1953
Voice  570.343.6285
FAX    570.343.6225
Email  melinda_ghilardi@fd.org

| Katherine L Riggleman-Thomas | Thank you. I will give this informatio... | 12/16/2016 11:48:05 AM |

From:      Katherine L Riggleman-Thomas/PAMD/03/USCOURTS@USCOURTS
To:        "Behe, William A. (USAPAM)" <William.Behe@usdoj.gov>
Cc:        Melinda Ghilardi <Melinda_Ghilardi@fd.org>
Date:      12/16/2016 11:48 AM
Subject:   Re: Nieves-Galarza telephone conference


Thank you. I will give this information to Judge Rambo. Have a good weekend as well.

Katie

Katie Riggleman-Thomas, Esquire

Law Clerk to the Hon. Sylvia H. Rambo, Senior Judge
United States Courthouse & Federal Building
228 Walnut Street, P.O. Box 868
Harrisburg, PA 17108
Chambers: (717) 221-3960
Direct Dial: (717) 221-3963

| | |
|---|---|
| From: | "Behe, William A. (USAPAM)" <William.Behe@usdoj.gov> |
| To: | "Katherine_Riggleman-Thomas@pamd.uscourts.gov" <Katherine_Riggleman-Thomas@pamd.uscourts.gov> |
| Cc: | Melinda Ghilardi <Melinda_Ghilardi@fd.org> |
| Date: | 12/16/2016 11:30 AM |
| Subject: | Nieves-Galarza telephone conference |

Katie:

  In advance of our telephone conference call I am providing Judge Rambo and Melinda with a summary of the government's position on Section 160.00 and the New York robbery statute. This was provided to me courtesy of my colleagues in the SDNY who have to deal with NY state criminal laws and the Second Circuit's interpretation of those laws. I wanted to give Judge Rambo and Melinda a heads up rather than waiting until the conference call to offer my position.

  Have a great weekend.

  Bill

The PSR correctly found that the defendant's various Robbery in the First and Second Degree, in violation of New York Penal Law § 160.10(1) are felony convictions for a crime of violence.  In arguing otherwise, the defendant primarily relies on the Supreme Court's decisions in (1) *Johnson v. United States*, 135 S. Ct. 2551 (2015) ("2015 *Johnson* "), which held that the so-called "residual clause" within the definition of "violent felony" in the Armed Career Criminal Act ("ACCA"), Title 18, United States Code, Section 924(e)(2)(B), violates due process; and (2) *Johnson v. United States*, 559 U.S. 133 (2010) ("2010 *Johnson* "), which held that a Florida battery conviction was not a "violent felony" under the "force clause" of the ACCA because it only required proof of the "slightest unwanted physical touch."  But neither of these decisions has any bearing on the clear law of the Second Circuit that New York's robbery statute "has as an element the use, attempted use, or threatened use of physical force against the person of another."  U.S.S.G. § 4B1.2(a)(1); *See  Carvajal*  v. *United States* , No. 16-347 (2d Cir. Mar. 14, 2016) (after *Johnson* , "Petitioner's attempted robbery convictions still qualify as 'crimes of violence' because they had 'as an element the use, attempted use, or threatened use of physical force against the person of another.'"); *see also   United States*  v. *Kornegay* , 641 F. App'x 79, 85 (2d Cir. Mar. 8, 2016) (unpublished) (second degree robbery in New York is a violent felony under the force clause of U.S.S.G. § 4B1.2(a)(1)); *United States v. Bennett* , 604 F. App'x 11, 15-16 (2d Cir. Mar. 4, 2015) (finding that attempted robbery in the first degree qualified as a violent felony under the force clause); *United States*  v. *Spencer* , 955 F.2d 814,

820 (2d Cir. 1992) (third degree robbery is defined as "forcibly steal[ing] property" and therefore "fits comfortably within" U.S.S.G. § 4B1.2's requirement that it have "as an element the use, attempted use, or threatened use of physical force against the person of another.").

      The Government recognizes that the Second Circuit previously issued an opinion in *United States v. Jones* , No. 15-1518, 2016 WL 3923838 (2d Cir. July 21, 2016), holding that Robbery in the Third Degree, in violation of New York Penal Law § 160.05, was not a "crime of violence."  But on October 3, 2016, the Second Circuit vacated its opinion and held in abeyance the Government's petition for rehearing and rehearing en banc pending the Supreme Court's disposition in *Beckles v. United States* , 15-8544.  Because *Jones*  is no longer controlling law in the Second Circuit, the Probation Department's Guidelines Calculations in the PSR are correct and the defendant's 2255 motion should be denied because his NY robbery convictions are crimes of violence.