NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 17-1205

UNITED STATES OF AMERICA

v.

JOSE NIEVES-GALARZA,

             Appellant

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(District Court No.: 1-11-cr-00057-001)
District Judge: Honorable Sylvia H. Rambo

Submitted under Third Circuit LAR 34.1(a)
on November 17, 2017

Before: AMBRO, KRAUSE, and RENDELL, Circuit Judges

(Opinion filed: December 21, 2017)

O P I N I O N[*]

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

_____

**RENDELL**, <u>Circuit Judge</u>:

     Jose Nieves-Galarza pleaded guilty to possession of a firearm by a convicted felon and was sentenced, as an armed career criminal, to 87 months in prison. He now asserts—despite a waiver of collateral rights contained in his plea agreement—that the Supreme Court's 2015 opinion in *Johnson* rendered his sentencing enhancement invalid because his five New York state robbery convictions no longer designated him an armed career criminal. Because we conclude that his robbery convictions still qualify as "violent crimes" under the Armed Career Criminal Act's elements clause, we disagree. For the reasons that follow, we will affirm the District Court's ruling denying Nieves-Galarza's § 2255 motion.

## I. BACKGROUND

     In 2011, Nieves-Galarza was indicted by a grand jury in the Middle District of Pennsylvania on four counts related to drug trafficking.[1] Only the fourth count is relevant to this appeal: possession of a firearm by a convicted felon. Before trial, Nieves-Galarza entered into a plea agreement with the United States, in which he agreed

---

[1] Nieves-Galarza was indicted on one count of conspiring to distribute and possession with intent to distribute cocaine, actual distribution and possession with intent to distribute cocaine, possession of a firearm in furtherance of drug trafficking, and possession of a firearm by a convicted felon. The indictment was for violations of 21 U.S.C. §§ 846, 841(a)(1)–(2) and 18 U.S.C. §§ 924(c)(1)(A), 922(g)(1), 924(a)(2) & 924(e).

to plead guilty to count four, in return for the dismissal of the remaining charges and a recommendation of a sentencing reduction for acceptance of responsibility.

The plea agreement also contained a waiver of appeal, under which he waived direct and collateral challenges to his conviction and sentence. Under this agreement, Nieves-Galarza relinquished his "right to appeal the conviction and sentence and the right to attack his conviction or sentence collaterally. . . . including, but not limited to, a motion to vacate judgment under Title 28, United States Code, Section 2255." United States Br. at 12. He also admitted to the status of "armed career criminal." In addition, Nieves-Galarza's five prior New York state robbery convictions and one drug offense triggered the career offender designation as "violent felon[ies]" and a "serious drug offense" under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e). The District Court granted a downward departure and sentenced Nieves-Galarza to 109 months' imprisonment. Citing changed circumstances for substantial assistance under Federal Rule of Criminal Procedure 35(b), it then amended the judgment to reduce the sentence to 87 months.

Nieves-Galarza did not pursue a direct appeal, but in 2016 filed a motion to correct his sentence pursuant to 28 U.S.C. § 2255. He argued that the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015) (*Johnson 2015*) rendered his armed career criminal classification erroneous, and his sentence should therefore have been significantly lower. The District Court denied his motion, citing post-*Johnson 2015* decisions of the United States Court of Appeals for the Second Circuit holding that first- and second-degree robbery convictions under New York state law qualify under the

3

ACCA's "elements clause."[2]  The District Court granted a Certificate of Appealability, and this appeal followed.

## II. STATEMENT OF JURISDICTION AND STANDARD OF REVIEW

The District Court had jurisdiction over Nieves-Galarza's claims pursuant to 18 U.S.C. § 3231 and 28 U.S.C. § 2255.  We have jurisdiction under 28 U.S.C. § 1291 because this appeal is from a final decision of the District Court, and pursuant to 28 U.S.C. § 2253 because this appeal is from the District Court's final order in a 28 U.S.C. § 2255 proceeding.

When reviewing a District Court's denial of a motion to correct sentence under 28 U.S.C. § 2255, we "exercise plenary review of the District Court's legal conclusions and apply a clearly erroneous standard to the court's factual findings."  *United States v. Travillion*, 759 F.3d 281, 289 (3d Cir. 2014) (quoting *Lambert v. Blackwell*, 134 F.3d 507, 512 (3d Cir. 1997)).  As a § 2255 motion is a collateral challenge, our review is "much less favorabl[e]" than for a direct appeal of the sentence.  *Id.* at 288.  We may affirm on any basis supported by the record.  *Helvering v. Gowran*, 302 U.S. 238, 245 (1937).

## III. DISCUSSION

---

[2] The District Court declined to rule on whether Nieves-Galarza's motion was barred by the collateral review waiver.  We assume that the waiver was invalid in order to reach the merits of Nieves-Galarza's claim.

4

Nieves-Galarza argues that following the Supreme Court's decision in *Johnson 2015* invalidating the ACCA's residual clause, he no longer qualifies for a sentencing enhancement because his prior New York state robbery convictions are not statutory predicates anymore. The Government contends that Nieves-Galarza's claim fails for three reasons: (1) his appellate waiver bars our review; (2) his motion was untimely; and (3) his state robbery convictions qualify as statutory predicates under the "elements" clause of the ACCA. We will assume *arguendo* that his waiver is invalid and that his motion was timely in order to decide this appeal on the merits. We conclude that because his convictions for New York state first-degree robbery qualify as "violent felonies" under the elements clause—which *Johnson 2015* does not affect—the ACCA's statutory predicates are satisfied, and his sentence does not violate due process.

Under the ACCA, a convicted felon who possesses a firearm may be punished by up to 10 years in prison. 18 U.S.C. §§ 924(a)(2) & 992(g). If the offender has three or more earlier convictions for a "violent felony" or "serious drug offense," however, the ACCA mandates a minimum prison term of 15 years. *Id.* § 924(e)(1). The ACCA defines "violent felony" as an offense punishable by more than one year's imprisonment that either (1) "has as an element the use, attempted use, or threatened use of physical force against the person of another" [elements clause]; (2) "is burglary, arson, or extortion, involves use of explosives," [enumerated offenses clause]; or (3) "otherwise involves conduct that presents a serious potential risk of physical injury to another." [residual clause] *Id.* § 924(e)(2)(B) (naming conventions added in brackets).

Because the Supreme Court held the ACCA's residual clause unconstitutional in *Johnson 2015*, and because robbery is not listed in § 924(e)(2)(B)(ii)'s enumerated offenses clause, Nieves-Galarza's robbery convictions will be predicate offenses for enhancement purposes only if they qualify under the elements clause.  Nieves-Galarza does not dispute that he has a qualifying "serious drug offense."  We must therefore determine if at least two of his five prior state law robbery convictions qualify as violent felonies under § 924(e)(2)(B)(i)'s elements clause.  If they do not, then Nieves-Galarza does not have the requisite predicate convictions to justify an ACCA enhancement.

To qualify as a predicate "violent felony" offense under the ACCA's elements clause, the crime must include physical force as a necessary element.  In *Johnson v. United States*, 559 U.S. 133 (2010) (*Johnson 2010*), the Supreme Court held that "in the context of a statutory definition of '*violent* felony,' the phrase 'physical force' means *violent* force—that is, force capable of causing physical pain or injury to another person." 559 U.S. at 140.  Thus, if the definition of a crime can be satisfied with less than violent force, it will not qualify as a violent felony under the ACCA.

In discerning whether a crime constitutes a violent felony, we apply either the "categorical approach" or the "modified categorical approach."  *United States v. Dahl*, 833 F.3d 345, 350–53 (3d Cir. 2016).  Either approach requires us—without considering the defendant's actual conduct—to determine the minimum statutory elements that the prosecution must prove beyond a reasonable doubt to secure a conviction for the offense.  *Id.*  The modified categorical approach applies when a defendant was previously convicted under a "divisible" statute.  *Descamps v. United States*, 133 S. Ct. 2276, 2283–

6

84 (2013).  A statute is divisible when it lists multiple, alternative elements, effectively creating "multiple, alternative versions of the crime." *Id.*  If the statute is divisible, we must ascertain which of the alternative elements listed was "integral to the defendant's conviction."  *Mathis v. United States*, 136 S. Ct. 2243, 2249 (2016).  To do so, we may consult "a limited class of documents to determine which of a statute's alternative elements formed the basis of the defendant's prior conviction."  *Descamps*, 133 S. Ct. at 2284.  These so-called "*Shepard* documents" may include "the indictment, jury instructions, or plea agreement and colloquy," *Mathis*, 136 S. Ct. at 2249, or "some comparable judicial record of this information," *Shepard v. United States*, 544 U.S. 13, 26 (2005).  We then compare that crime with the relevant ACCA offense.  *Mathis*, 136 S. Ct. at 2249.

Here, we apply the modified categorical approach because Nieves-Galarza's two most serious convictions were for first-degree robbery, and the first-degree robbery statute lists multiple, alternative elements, effectively creating several different crimes of robbery.  *See* N.Y. Penal Law § 160.15.[3]  We next ask which of the four types of first-

---

[3] In relevant part, the statute for first-degree robbery reads:
> A person is guilty of robbery in the first degree when he forcibly steals property and when, in the course of the commission of the crime or of immediate flight therefrom, he or another participant in the crime:
>> 1. Causes serious physical injury to any person who is not a participant in the crime; or
>> 2. Is armed with a deadly weapon; or
>> 3. Uses or threatens the immediate use of a dangerous instrument; or
>> 4. Displays what appears to be a pistol, revolver, rifle, shotgun, machine gun or other firearm . . . .

N.Y. Penal Law § 160.15.

degree robbery Nieves-Galarza was convicted of committing. To do so, we turn to the *Shepard* documents available in this case—the Certificates of Disposition.[4] *See United States v. Green*, 480 F.3d 627 (2d Cir. 2007) (stating that Certificates of Disposition are the type of judicial record that sentencing courts may consider).[5]

The Certificates of Disposition reveal that, *inter alia*, Nieves-Galarza was convicted under N.Y. Penal Law §§ 160.15(1) and 160.15(4). We examine each in turn to determine whether it meets § 924(e)(2)(B)(i)'s requirements, including that it be committed using "force capable of causing physical pain or injury to another," as required by *Johnson 2010*.

N.Y. Penal Law § 160.15(1) makes it a crime to forcibly steal property while causing "serious physical injury to any person who is not a participant in the crime." If a defendant is convicted of "[c]aus[ing] serious physical injury" in the course of a robbery, we are satisfied that he has employed "force capable of causing physical pain or injury to another" as required by *Johnson 2010*, and that § 924(e)(2)(B)(i)'s requirements are met.

---

[4] The District Court did not rely on the Certificates of Disposition, but rather, citing two non-precedential opinions from the Second Circuit, used the strict categorical approach to determine that any of Nieves-Galarza's robbery convictions would qualify as a violent felony under the elements clause. *See* Dist. Ct. Op. at 3–4 (citing *United States v. Kornegay*, 641 F. App'x 79, 85 (2d Cir. 2016)); *United States v. Bennett*, 604 F. App'x 11, 15–16 (2d Cir. 2015). Because the charging documents are available to us in the record, however, we can determine this appeal based on Nieves-Galarza's actual convictions, using the modified categorical approach.

[5] While we previously questioned the use of a charging document as a *Shepard* document in *United States v. Hernandez*, 218 F.3d 272, 278 (3d Cir. 2000), in that case the accuracy of the document was highly questionable, as it was nine years old and originated in the county clerk's office, rather than the court. Here, we have no reason to doubt the accuracy of the Certificates of Disposition.

*See also United States v. Castleman*, 134 S. Ct. 1405, 1414–15 (2014) (stating that, in the common law sense, a bodily injury can only result from the application of force). Thus, this conviction was a valid ACCA predicate.

Nieves-Galarza's other first degree robbery conviction was under § 160.15(4), which criminalizes forcibly stealing property while displaying "what appears to be a pistol, revolver, rifle, shotgun, machine gun or other firearm." N.Y. Penal Law § 160.15(4). The ACCA's elements clause can be satisfied not only through the "use of force," but also through the "*threatened* use of physical force against the person of another." 18 U.S.C. § 924(e)(2)(B)(i) (emphasis added). Nieves-Galarza urges that the "display" of a firearm during a robbery does not amount to a "threat" to use it. We are not persuaded.

To explain why displaying a firearm necessarily threatens its use, we turn to New York state courts' interpretation of § 160.15(4). The New York Court of Appeals has explained that the reason for making the display of a firearm an aggravating statutory factor is the "effect upon the victim put in fear of his or her life." *People v. Baskerville*, 60 N.Y.2d 374, 381 (1983). And it has interpreted the "display" of a firearm in violation of § 160.15(4) as something *more* that "a mere threat to use one." *See People v. Lopez*, 73 N.Y.2d 214, 221 (1989). In *Lopez*, the Court also said that § 160.15(4) "recognizes that the additional fear suffered by a robbery victim confronted by what appears to be a firearm aggravates the nature of the offense and warrants additional punishment." *Id.* Given these precedents, we are satisfied that § 160.15(4) constitutes the "threatened use of physical force against the person of another," such that it was a valid predicate offense

9

for the purpose of designating Nieves-Galarza as an armed career criminal under § 924(e)(2)(B)(i)'s elements clause.

Because Nieves-Galarza's Certificates of Disposition make clear that the use of physical force was an element of his two first-degree robbery convictions, those convictions qualify as "violent felonies" under the elements clause of the ACCA. Thus, his designation as an armed career criminal was appropriate, and his sentence does not violate Due Process.

## IV. CONCLUSION

For the foregoing reasons, we will affirm the District Court's ruling.